**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NAHUM TAVAREZ,

Plaintiff, Case No.: 8:26-cv-3408

v.

SKY CHEFS, LLC
d/b/a LSG SKY CHEFS,

Defendant.

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, NAHUM TAVAREZ ("Plaintiff" or "Tavarez"), sues Defendant, SKY CHEFS, LLC d/b/a LSG SKY CHEFS ("Defendant" or "SKY CHEFS"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), arising from Defendant's termination of Plaintiff's employment effective March 10, 2026.
2. Plaintiff alleges that Defendant terminated his employment in retaliation for reporting and continuing to pursue an investigation concerning suspected sexual harassment involving a supervisory employee.
3. Defendant attributed Plaintiff's termination to alleged inappropriate workplace conduct associated with employee-experience surveys. Plaintiff disputes that explanation and alleges that it was a pretext for retaliation.

**PARTIES, JURISDICTION, AND VENUE**

4. Plaintiff is an individual who resides in Florida and was employed by Defendant in Tampa, Hillsborough County, Florida.

5. Defendant is a limited liability company doing business as LSG Sky Chefs, including at its facility located at 4500 W. Tampa Bay Boulevard, Tampa, Florida.

6. At all material times, Defendant was an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b), employing the requisite number of employees.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under federal law.

8. Venue is proper in the Middle District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices occurred in Hillsborough County, Florida, where Plaintiff worked for Defendant.

**ADMINISTRATIVE PREREQUISITES**

9. Plaintiff timely filed EEOC Charge No. 511-2026-04464 against Defendant, alleging retaliation under Title VII arising from his workplace investigations and subsequent termination. **See attached Exhibit "A"**.

10. The charge identified Defendant as LSG Sky Chefs, described Plaintiff's employment as Human Resources Manager, identified investigations involving management personnel, and alleged that Plaintiff was suspended on March 9, 2026, and terminated effective March 10, 2026.

11. On August 17, 2026, the EEOC issued a Determination and Notice of Rights advising that it would not proceed further with its investigation and notifying Plaintiff of his right to bring a civil action. **See attached Exhibit "B"**.

12. On August 23, 2026, the EEOC transmitted an official email notifying Plaintiff of the dismissal and availability of the Determination and Notice of Rights through the EEOC Public Portal.
13. Plaintiff brings this action within 90 days of receiving the EEOC's official notice of dismissal.
14. Plaintiff has satisfied the applicable administrative prerequisites for bringing this Title VII action.

## FACTUAL ALLEGATIONS

### Plaintiff's Employment and Investigative Responsibilities

15. Defendant hired Plaintiff on or about April 22, 2024, as Human Resources Manager at its Tampa facility.
16. Plaintiff's duties included investigating employee complaints, addressing workplace conduct issues, assisting with employee and labor relations, and communicating with management and Corporate Human Resources concerning matters requiring investigation or corrective action.
17. During 2025 and early 2026, Plaintiff conducted investigations concerning workplace complaints involving multiple supervisory and management employees.
18. Those investigations included matters involving Operations Manager James Wilwohl, Supervisor Roxana Delgado, and Supervisor Eriesbel "Eric" Borroto.
19. Plaintiff's investigations generated findings and recommendations concerning management conduct, employee treatment, and the need for corrective action.

20. In an investigation concerning Borroto's workplace conduct, Plaintiff documented concerns that management personnel might retaliate against employees who had provided statements and recommended measures to protect those employees.

21. Plaintiff also investigated complaints involving Delgado, including allegations of employee mistreatment, threatening conduct, and inappropriate management practices, and recommended corrective measures involving Delgado and General Manager Luz Henao.

22. Plaintiff alleges these investigations are relevant to the circumstances surrounding management's reactions to his work. Plaintiff does not allege that every workplace investigation he conducted independently constituted protected activity under Title VII.

**Plaintiff's Report of Suspected Sexual Misconduct**

23. On a date to be confirmed through Plaintiff's contemporaneous written statement, Plaintiff personally observed Supervisor Borroto engaged in physical contact with a female employee in a room with a locked door.

24. Plaintiff observed Borroto touching or scratching the female employee in the area of her private parts.

25. Based upon what Plaintiff personally observed, including the nature and location of the touching and Borroto's supervisory position, Plaintiff believed the conduct was inappropriate and potentially constituted unlawful sexual harassment.

26. Plaintiff promptly reported the incident to General Manager Luz Henao.

27. The following day, Plaintiff provided a written statement concerning the incident to Corporate Human Resources Manager Joann Villanueva.

28. Through those communications, Plaintiff sought investigation and appropriate action concerning the suspected sexual misconduct.

29. Plaintiff subsequently continued requesting information concerning the status of the investigation.

30. Plaintiff understood that Borroto and the female employee had denied improper conduct, but Plaintiff continued pursuing the matter based upon his own observations.

31. Plaintiff alleges that his report and continued pursuit of the matter communicated opposition to conduct he reasonably and in good faith believed implicated Title VII's prohibition against sexual harassment.

32. Defendant, through Henao and Villanueva, knew of Plaintiff's report and continued pursuit of the incident before terminating his employment.

**Management's Reactions and Events Preceding Termination**

33. During the week preceding Plaintiff's termination, Plaintiff sought an update from Henao concerning the unresolved Delgado investigation and related recommendations.

34. In response, Henao stated words to the effect of, "You don't give up do you?"

35. During approximately the same period, Wilwohl told Plaintiff that he was working on getting Plaintiff fired without the possibility of rehire.

36. Plaintiff alleges that these statements reflected hostility toward his continued pursuit of management investigations.

37. On Friday, March 6, 2026, Plaintiff again asked Villanueva about the status of the investigation concerning the Borroto touching incident.

38. Villanueva informed Plaintiff that they would discuss the matter on Monday.

39. Villanueva was therefore aware of Plaintiff's continued pursuit of the suspected sexual-misconduct investigation immediately before the termination decision.

**Suspension and Termination**

40. On Monday, March 9, 2026, Villanueva and Human Resources Director Toni Rosier confronted Plaintiff concerning employee-experience surveys.

41. Villanueva informed Plaintiff that certain survey submissions had been traced through information associated with Plaintiff's company-issued mobile device.

42. Plaintiff explained that, as part of his employee-experience responsibilities, he assisted employees in accessing surveys and permitted employees to use company-provided devices, including his company mobile device, to access survey links or QR codes.

43. Plaintiff denied improperly completing employee surveys on behalf of employees.

44. Before March 9, 2026, Plaintiff had not received a disciplinary warning concerning his survey-access practices, according to his recollection.

45. Plaintiff surrendered his company-issued mobile device and related access information and was suspended pending investigation.

46. Approximately three to four hours after the suspension, Villanueva contacted Plaintiff and informed him that his employment was being terminated.

47. During that conversation, Villanueva stated that she had spoken with a small number of employees who denied completing the surveys at issue.

48. Plaintiff alleges that he was not afforded a meaningful opportunity to review or respond to the alleged evidence before the termination decision was communicated.

49. Villanueva also made a statement concerning having "saved Angie," referring to an Employee Experience Manager. Plaintiff does not presently know the full context or intended meaning of that statement.

50. Defendant issued a termination letter dated March 9, 2026, making Plaintiff's termination effective March 10, 2026. **See attached Exhibit "C"**.

51. The letter asserted that Defendant had conducted a thorough investigation and determined that Plaintiff engaged in inappropriate workplace conduct constituting a serious breach of trust.

52. The termination letter did not identify employee-survey falsification or specify the particular acts constituting the alleged inappropriate conduct.

53. Plaintiff disputes Defendant's stated reason for terminating his employment.

54. Plaintiff alleges that the short period between suspension and termination, his explanation concerning shared device use, the absence of prior survey discipline, and the nonspecific termination letter raise substantial questions concerning the genuineness of Defendant's stated reason.

55. Plaintiff further alleges that his termination followed closely after he renewed his request that Villanueva address the reported Borroto incident.

56. Plaintiff alleges that Defendant would not have terminated his employment when it did but for his protected opposition to suspected sexual harassment.

**Resulting Harm**

57. As a result of the termination, Plaintiff lost employment income and employment-related benefits.

58. Plaintiff has incurred, and may continue to incur, economic losses resulting from the termination, subject to mitigation and proof.

59. Plaintiff alleges that the termination also caused emotional distress and other compensable noneconomic harm.

**COUNT I — RETALIATION IN VIOLATION OF TITLE VII - 42 U.S.C. § 2000e-3(a)**

60. Plaintiff incorporates into this Count only paragraphs 4–14, 15–16, 23–32, 37–59, which concern the parties, jurisdiction, administrative prerequisites, alleged protected activity, Defendant's knowledge, termination, pretext, and resulting harm.

61. Plaintiff engaged in activity protected by Title VII when he reported and continued to pursue investigation of suspected sexual harassment involving Supervisor Borroto and a female employee.

62. Plaintiff had a subjective, good-faith belief that the conduct he observed implicated unlawful sexual harassment, and that belief was objectively reasonable under the circumstances alleged.

63. Plaintiff's actions included reporting the suspected misconduct to Henao, providing a written statement to Villanueva, and continuing to press for the matter to be addressed, including immediately before his suspension.

64. Through those actions, Plaintiff opposed conduct he reasonably believed violated Title VII.

65. Defendant knew of Plaintiff's protected activity through Henao and Villanueva.

66. Defendant subjected Plaintiff to materially adverse employment actions by suspending him on March 9, 2026, and terminating his employment effective March 10, 2026.

67. Defendant's suspension and termination of Plaintiff followed his renewed inquiry concerning the Borroto incident by only a matter of days.

68. Defendant asserts that Plaintiff was terminated for inappropriate workplace conduct concerning employee surveys.

69. Plaintiff disputes that explanation and alleges that Defendant's asserted reason was not the true reason for its decision.

70. In particular, Plaintiff alleges that his survey-related conduct was consistent with his responsibility to facilitate employee survey participation, that he provided an explanation for the device information identified by Defendant, and that Defendant terminated him within hours of suspending him.

71. Plaintiff further alleges that Defendant's termination letter asserted a thorough investigation but did not identify the particular survey misconduct supposedly supporting termination.

72. The timing of the termination, Villanueva's knowledge of Plaintiff's protected activity, and the circumstances surrounding Defendant's investigation and explanation support Plaintiff's allegation of retaliatory causation and pretext.

73. Plaintiff alleges that his protected opposition was a but-for cause of Defendant's decision to terminate his employment.

74. Defendant thereby violated Title VII's prohibition against retaliation, 42 U.S.C. § 2000e-3(a).

75. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages recoverable under Title VII.

76. Plaintiff seeks all relief available under Title VII, including back pay, lost benefits, appropriate equitable relief, compensatory damages subject to applicable statutory limitations, prejudgment interest where authorized, and reasonable attorney's fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor;

B. Declare that Defendant engaged in unlawful retaliation;

C. Award Plaintiff back pay and the value of lost employment benefits, together with appropriate interest;

D. Award reinstatement or, if reinstatement is not feasible, front pay or other appropriate equitable relief;

E. Award compensatory damages for proven emotional distress and other recoverable noneconomic losses, subject to applicable statutory limitations;

F. Award reasonable attorney's fees and taxable costs pursuant to 42 U.S.C. § 2000e-5(k), or as otherwise authorized by law;

G. Award prejudgment and post-judgment interest as permitted by law; and

H. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues triable of right by jury.

Dated: November 19, 2026

Respectfully submitted,

**LEVIN LITIGATION, PLLC**
*Counsel for the Plaintiff(s)*
6100 Hollywood Blvd. Ste. 520
Hollywood, FL 33024
(954)678-5155 - Telephone
(954)678-5156 – Facsimile
Service-team09@levinlitigation.com

By: */s/ Frantz C. Nelson*
**Frantz C. Nelson, Esq.**
Florida Bar No: 0031134

## EXHIBIT INDEX

**Exhibit A — EEOC Charge of Discrimination**
EEOC Charge No. 511-2026-04464, identifying SKY CHEFS Sky Chefs and alleging retaliation.

**Exhibit B — EEOC Determination and Notice of Rights**
Dated August 17, 2026.

**Exhibit C — March 9, 2026 Termination Letter**
Identifying the stated reason for termination and effective termination date.